IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-00298-BNB

THOMAS RADICK,

    Applicant,

v.

FEDERAL BUREAU OF PRISONS,
HARLEY G. LAPPIN, Director - F.B.O.P., and
RENE GARCIA, Warden, FCI - Englewood,

    Respondents.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAR 0 7 2011

GREGORY C. LANGHAM
                    CLERK

---

ORDER TO FILE PRELIMINARY RESPONSE

---

Pursuant to the Court's February 17, 2011, Order Directing Applicant to Cure Deficiency, Applicant, Thomas Radick, filed two Amended Applications for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 on the Court-approved form on February 28, 2011. However, the Amended Applications assert different claims. In the first Amended Application, located at Docket. No. 10, Mr. Radick asserts that he has serious medical issues which have gone untreated by Respondents, including bone spurs in both of his feet and injuries to his left arm and shoulder. Here, Mr. Radick appears to be asserting claims pursuant to ***Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics***, 403 U.S. 388 (1971), because he is challenging the conditions of his confinement. Moreover, the Court notes that Mr. Radick asserts substantially similar claims challenging the treatment of his medical conditions in a ***Bivens*** case

currently pending in this Court, **Radick v. Lappin, et al.**, Case No. 10-cv-02504-DME-KLM.

In the second Amended Application, located at Docket No. 11, Mr. Radick asserts that the BOP is violating the requirements of 18 U.S.C. § 3621(b) by categorically denying the review and transfer of eligible release inmates to a Community Corrections Center (CCC). He also asserts that he has sought, and been denied, placement in a halfway house or residential reentry center. These claims are properly asserted in a § 2241 action because they challenge the execution of Mr. Radick's conviction and sentence. **See Montez v. McKinna**, 208 F.3d 862, 865 (10th Cir. 2000).

Because the first Amended Application, located at Docket No. 10, brings claims that are repetitive of claims asserted in Case No. 10-cv-2504-DME-KLM, and because Mr. Radick cannot bring claims challenging the conditions of his confinement in a § 2241 action, the Court will disregard this pleading. Mr. Radick is directed that any claims challenging the conditions of his confinement or his medical treatment will not be considered in this action. Further, Respondents will be directed to file a Preliminary Response limited to addressing the claims raised in the Amended Application located at Docket No. 11.

Therefore, as part of the preliminary consideration of the Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 filed on February 28, 2011 (Docket No. 11), in this case and pursuant to **Redmon v. Wiley**, 550 F. Supp. 2d 1275 (D. Colo. 2008), the Court has determined that a limited Preliminary Response is

2

appropriate. Respondents are directed pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts to file a Preliminary Response limited to addressing the affirmative defense of exhaustion of administrative remedies. If Respondents do not intend to raise this affirmative defense, Respondents must notify the Court of that decision in the Preliminary Response. Respondents may not file a dispositive motion as a Preliminary Response, or an Answer, or otherwise address the merits of the claims in response to this Order.

In support of the Preliminary Response, Respondents should attach as exhibits copies of any administrative grievances Applicant has filed raising the issues asserted in the Application, as well as any responses to those grievances. Applicant may reply to the Preliminary Response and provide any information that might be relevant to his efforts to exhaust administrative remedies. Accordingly, it is

ORDERED that **within twenty-one (21) days from the date of this Order** Respondents shall file a Preliminary Response that complies with this Order. It is

FURTHER ORDERED that **within twenty-one (21) days of the filing of the Preliminary Response** Applicant may file a Reply, if he desires. It is

FURTHER ORDERED that if Respondents do not intend to raise the affirmative defense of exhaustion of administrative remedies, Respondents must notify the Court of that decision in the Preliminary Response.

DATED March 7, 2011, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**AMENDED CERTIFICATE OF MAILING**

Civil Action No. 11-cv-00298-BNB

Thomas Radick
Reg. No. 18207-424
FCI Englewood
9595 W Quincy Ave
Littleton, CO 80123

Rene G Garcia, Warden **- CERTIFIED**
FCI Englewood
Federal Correctional Institution
9595 W Quincy Ave
Littleton, CO 80123

Harley G Lappin, Director FBOP **- CERTIFIED**
320 First St NW
Washington, DC 20534

United States Attorney General  **- CERTIFIED**
Room 5111, Main Justice Bldg.
10th and Constitution, N.W.
Washington, D.C.  20530

United States Attorney
District of Colorado
**DELIVERED ELECTRONICALLY**

    I hereby certify that I have mailed a copy of the ORDER to the above-named individuals, and the following forms to Ms. Rene Garcia, Warden; to Mr. Harley Lappin, Director FBOP; to The United States Attorney General; and to the United States Attorney's Office: AMENDED APPLICATION FOR WRIT OF HABEAS CORPUS FILED 2/28/11 on March 7, 2011.

                                                    GREGORY C. LANGHAM, CLERK

                                                    By:_____
                                                                  Deputy Clerk