IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Circuit Judge David M. Ebel

Civil Action No. 11-cv-00298-DME

THOMAS RADICK,

    Applicant,

v.

FEDERAL BUREAU OF PRISONS,
HARLEY G. LAPPIN, Director - F.B.O.P., and
RENE GARCIA, Warden, FCI - Englewood,

    Respondents.

---

ORDER DENYING APPLICATION FOR HABEAS CORPUS

---

The matter before the Court is an Amended Application For A Writ Of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. No. 11).  The Court has determined it can resolve the Application without a hearing.[1]

**I.**    **Background**

On November 17, 2006, Applicant was sentenced by the United States District Court for the Northern District of Illinois in case number 05-CR-798-2.[2]  He was

---

[1] Blackledge v. Allison, 31 U.S. 63, 83 (1977); *see also* Jeter v. Keohane, 739 F.2d 257 n.1 (7th Cir. 1984) ("An evidentiary hearing is not necessary when the facts essential to consideration of the constitutional issue are already before the court."); 28 U.S.C. § 2243.

[2] Answer To Pet. For Writ Of Habeas Corpus (Doc. No. 20; Apr. 19, 2011), Ex. A at ¶ 3 & attach. 1. Although Applicant disagrees with Respondents' legal arguments, he does not dispute the authenticity of the attachments to the Answer. *See, e.g.*, Rules Governing Section 2254 Cases 7(c).

sentenced to 97 months incarceration for being an unlicensed dealer in firearms and for possession of a firearm by a prohibited person.[3]  He is currently housed by the Federal Bureau of Prisons (BOP) at the Federal Correctional Institute in Englewood, Colorado, and is projected to be released on April 18, 2012.[4]

Typically, as an inmate nears the end of his sentence, the BOP arranges for a transfer of the inmate to a Residential Reentry Center (RRC), or halfway house,[5] in which the inmate begins to adapt to civilian life in a less-restrictive environment.  On October 13, 2010, Applicant was reviewed for RRC placement, and the BOP deemed a period of 151 to 180 days sufficient to assist him with his reentry needs, including search for employment and reintegration into the community.[6]

## II.    Application

Applicant filed pro se his amended 28 U.S.C. § 2241 Application on February 28, 2011.[7]  Respondents notified the Court that they would not be raising the affirmative defense of exhaustion of administrative remedies.[8]  This Court subsequently issued an

---

[3] Answer (Doc. No. 20), Ex. A at ¶ 3 & attach. 1.

[4] Id.

[5] RRC will be used in this Order to refer to any pre-release transition program Applicant may be entitled to.

[6] Id., Ex. A at ¶ 11 & attach. 4.

[7] Doc. No. 11.

[8] Preliminary Resp. To Pet. For Writ Of Habeas Corpus (Doc. No. 16; Mar. 21, 2011).

Order To Show Cause to Respondents on April 6, 2011.[9]  Respondents filed an answer on April 19, 2011.[10]  Applicant filed a traverse on April 28, 2011.[11]  Respondents filed a supplement to their answer on May 6, 2011.[12]

Applicant is challenging the BOP's RRC determination as a violation of 18 U.S.C. § 3621(b) and the Second Chance Act of 2007 (SCA).[13]  He contends that he should have been approved for the statutory maximum of 12 months of RRC placement, and the BOP's decision is a violation of the Due Process Clause of the Fifth Amendment.[14]  Applicant requests an injunction requiring the BOP to comply with the SCA; an order directing the BOP to submit every eligible inmate to a 12-month RRC placement; and, if the BOP does not provide such relief, an order directing the BOP to release the Applicant for "time served."[15]

---

[9] Doc. No. 19.

[10] Doc. No. 20.

[11] Doc. No. 21.

[12] Doc. No. 23.

[13] Doc. No. 11, at 5-6, 8.

[14] See 18 U.S.C. § 3624(c)(1).  Applicant also claims that the BOP's decision violates his Eighth Amendment rights, presumably the prohibition of "cruel and unusual punishments."  The Court finds this contention without merit.  See, e.g., United States v. MacClain, 501 F.2d 1006, 1013 (10th Cir. 1974) ("A sentence within the statutory limits is not cruel and unusual punishment.").

[15] Doc. No. 11, at 5.

### III.  Legal Standard

A Section 2241 habeas proceeding is "an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody."[16]  "A petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity . . . ."[17]

The Court must construe a pro se plaintiff's "pleadings liberally, applying a less stringent standard than is applicable to pleadings filed by lawyers. [The] court, however, will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf."[18]  The Court should not be the pro se litigant's advocate.[19]

### IV.  Analysis

*A.  Respondents BOP and Lappin*

As an initial matter, Respondents BOP and Lappin request dismissal as improper parties to this action.  "The law is well established that the proper respondent to a

---

[16] McIntosh v. U.S. Parole Comm'n, 115 F.3d 809, 811 (10th Cir. 1997) (quoting Preiser v. Rodriguez, 411 U.S. 475, 484 (1973)).

[17] Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996).

[18] Whitney v. New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (quotations and citations omitted).

[19] Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

habeas action is the habeas petitioner's custodian."[20] Rene Garcia, as the warden of the facility Applicant resides in, is the only proper respondent. Therefore, Respondents BOP and Lappin are dismissed.

### B. Due Process Claim

In October 2010, after performing the necessary evaluation required by 18 U.S.C. § 3624(c)(6), BOP staff recommended that Applicant be placed in RRC for the final 151 to 180 days of his sentence. Applicant disagrees with that conclusion, contending that Congress, via passage of the SCA, "intended" that RRC placements should be for 12 months. The Court interprets this as a due process argument that the BOP improperly applied the SCA or, alternatively, incorrectly made its decision based on the facts in this case.

In 2007, Congress passed the SCA, which provides that the BOP "shall, to the extent practicable, ensure that a prisoner . . . spends a portion of the final months of [a sentence] (not to exceed 12 months) under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community."[21] Prior to that enactment, the statue provided that assignment to an RRC under this provision would "not [ ] exceed 6 months." Thus, the SCA granted the BOP discretion to place soon-to-be-released inmates into RRCs for longer periods of time.

---

[20]Harris v. Champion, 51 F.3d 901, 906 (10th Cir. 1995).

[21]18 U.S.C. § 3624(c)(1). The discussion of the SCA is adapted from Judge Krieger's dismissal order in Henderson v. Davis, No. 10-cv-00838-MSK, 2010 WL 4627802 (D. Colo. Nov. 8, 2010).

In order to effectuate this additional discretion, the BOP promulgated a policy by which its "staff must approach every individual inmate's assessment with the understanding that he/she is now eligible for a maximum of 12 months pre-release [RRC] placement."[22] At the same time, the policy noted that BOP "experience reflects [that] inmates' pre-release [RRC] needs can usually be accommodated by a placement of six months or less."[23]

Congress has reposed considerable discretion in the BOP regarding placement of inmates.[24] In promulgating the SCA, Congress expressly made clear that it was not intending "to limit or restrict the authority" of the BOP in this regard.[25] To the extent that Applicant is asking this Court to read the SCA as reflecting a congressionally enacted presumption that 12 months' RRC placement is required for most inmates, this conclusion would do injustice to Congress' clearly expressed intention not to usurp the BOP's discretion on placement matters.

Before passage of the SCA, courts repeatedly rejected arguments that the prior language of 18 U.S.C. § 3624(c) authorizing prerelease custody entitled inmates to a

---

[22] Doc. No. 20, attach. 2 at 4.

[23] Id.; see Garza v. Davis, 596 F.3d 1198, 1202-03 (10th Cir. 2010) (discussion of BOP memoranda regarding SCA changes).

[24] 18 U.S.C. § 3621(b) (the BOP "may designate any available penal or correctional facility . . . that the Bureau determines to be appropriate and suitable").

[25] 18 U.S.C. § 3624(c)(4).

particular amount of RRC placement.[26]  If, in enacting the SCA, Congress intended to reverse that line of reasoning and constrain the BOP's decision-making authority, it could have done so expressly.  However, besides changing the phrase "six months" to "twelve months," the SCA makes only cosmetic changes to the existing statutory language.[27]  Congress' refusal to make additional substantive changes to the statutory language as part of the SCA strongly suggests that it did not intend to fundamentally alter the way in which that statute had been previously construed by the courts.  To read the statute otherwise would require this Court to attribute to Congress an intention far beyond what is evident in the text.

Accordingly, this Court finds nothing in the Second Chance Act or the BOP's policy memoranda applying it that justifies Applicant's contention that 12 months of RRC placement is presumptively necessary.[28]  Therefore, the Court need only review the BOP's placement decision, and this review is necessarily limited.  The BOP is vested with broad authority to determine the length of a prisoner's RRC assignment.[29]  As long

---

[26] See, e.g., Zamarripa v. Peterson, 105 Fed. Appx. 253, 254 (10th Cir. 2004) ("Nothing in § 3624(c) indicates any intention to encroach upon the [BOP's] authority to decide where the prisoner may be confined during the pre-release period." (alteration omitted) (quoting Prows v. Fed. Bureau of Prisons, 981 F.2d 466, 469 (10th Cir. 1992))).

[27] See Henderson, 2010 WL 4627802, at *3 n.3.

[28] See Bernard v. Roal, 716 F.Supp. 2d 354 (S.D.N.Y. 2010); Ebeck v. Anderson, No. 09-3371-CV-S-RED-H, 2010 WL 234726 (W.D. Mo. Jan. 13, 2010); McDonald v. Obama, No. 1:10-CV-379, 2010 WL 1526443 (M.D. Pa. Mar. 15, 2010); Henderson, 2010 WL 4627802.

[29] 18 U.S.C. § 3624(c)(1), (4).

as the BOP properly followed the statutory guidelines and related agency policies, review of the final decision is inappropriate for a habeas court.[30]

The evidence here indicates that the BOP considered the five statutory factors contained in 18 U.S.C. § 3621(b), determined the length of placement on an individualized basis, and recommended a length of stay that the BOP felt to be of sufficient duration to provide the greatest likelihood of successful reintegration into the community.[31]  BOP staff did not find unusual or extraordinary circumstances justifying a placement beyond six months.[32]

On this record, a 151- to 180-day RRC placement was an appropriate decision by the BOP, within the scope of its authority, and thus does not reflect a deprivation of Applicant's due process rights.[33]  His federal sentence has thus not been executed unlawfully, and he is not entitled to habeas relief.

---

[30]Fournier v. Zickefoose, 620 F.Supp. 2d 313, 318 (D. Conn. 2009) ("Once the court has determined that the BOP did not exceed its authority in reaching its decision, it is beyond the purview of the court to second guess the outcome.").

[31]18 U.S.C. § 3624(c)(6).

[32]Doc. No. 20, Ex. A at ¶ 11-12, attach. 3 at 3 & attach. 4.

[33]See Henderson, 2010 WL 4627802, at *2-3; Bernard, 716 F.Supp. 2d 354.

**V.     Order**

It is ORDERED that the Amended Application For A Writ Of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. No. 11; Feb. 28, 2011) is denied with prejudice.

DATED at Denver, Colorado, this  11th   day of July, 2011.

                        BY THE COURT:

                        *s/ David M. Ebel*

                        David M. Ebel, Circuit Judge
                        United States District Court